April 20, 1973.

ESTATE OF FASSBINDER: PALMER, Appellant, v. DARNELL and wife, Respondents.

*No. 47. Submitted March 29, 1973.—Decided April 20, 1973.*
(Also reported in 206 N. W. 2d 213.)

For the appellant the cause was submitted on the briefs of *Iversen & Cain* of Fontana.

For the respondents the cause was submitted on the brief of *Korf, Pfeil & Graves*, attorneys, and *Daniel O. Ryan, Jr.*, of counsel, all of Elkhorn.

PER CURIAM. The property devised to appellant had no lake frontage. The devise to him read as follows:

"I give and devise to my kind friend John Palmer of Fontana, Wisconsin, the vacant land I own located North of South Shore Drive and West of Shadow Lane Road and South of the property now owned by Clemons, in the Town of Linn, Walworth County, Wisconsin."

The testatrix owned other property bordering on the lake which she devised to the respondents.

The appellant claims that in construing the devise to him as not including lake rights, the trial court limited his interest to less than a fee, in violation of sec. 238.02, Stats. 1969. Appellant's argument is misconceived, be-

cause lake rights rest upon title to the bank of the water. *Hermansen v. Lake Geneva* (1956), 272 Wis. 293, 75 N. W. 2d 439. Since appellant was bequeathed no shoreline, his fee title could not include any lake rights. He could acquire such rights only if the devise to him was construed to contain an implied easement to Geneva Lake over the land devised to the respondents.

In support of his claim that such an easement should be implied, appellant argues that the trial court failed to take judicial notice of a number of conveyances made by the testatrix during her lifetime in which she created easements to Geneva Lake for the benefit of parcels which would not otherwise have had access to the lake. Appellant did not request the trial court to take judicial notice of these deeds. In fact, he stipulated that he would offer no evidence in support of his petition and stipulated that the language of the will was unambiguous. Having chosen in the trial court to rely on his theory that fee simple title included access rights to the lake, he is in no position to complain because that court took him at his word and decided the issue which he had raised. However, even if these deeds had been considered by the trial court, they would not have created an ambiguity in the will.

The judgment is affirmed.